IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-458-FL

| | | |
|---|---|---|
| ALCURTIS OF THE FAMILY ROBINSON JR aka Alcurtis Robinson Jr, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| CARLA WEST through Region 4 IV-D Agency, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's motion to dismiss for lack of jurisdiction and failure to state a claim (DE 12). United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that defendant's motion be granted and plaintiff's complaint be dismissed for lack of jurisdiction. (DE 17). Plaintiff filed objections to the M&R, and in this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b); see Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The magistrate judge recommends dismissal of plaintiff's complaint under the Rooker-Feldman doctrine,[1] and because of Eleventh Amendment immunity. The Rooker-Feldman doctrine properly bars plaintiff's claims because plaintiff asserts "constitutional claims that are inextricably intertwined with questions ruled upon by a state court, as when success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." Plyer v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Eleventh Amendment immunity also bars plaintiff's claims because plaintiff has not alleged waiver of immunity by defendant, and plaintiff seeks relief that is "tantamount to an award of damages for a past violation of federal law, even though styled as something else," is barred. Papasan v. Allain, 478 U.S. 265, 278 (1986); see In Re: Secretary of the Dep't of Crime Control & Public Safety, 7 F.3d 1140, 1149 (4th Cir. 1993).

In his objections, plaintiff argues that the Rooker-Feldman doctrine does not apply because "[t]his is not a matter regarding an alleged court order to pay child support," and "[p]laintiff is not a state-court loser complaining of injuries caused by a state-court judgment." (Objs. (DE 18) at 9). This conclusory argument, however, is contrary to the factual allegations and relief sought in plaintiff's complaint. For example, plaintiff seeks an order of "termination of IV-D [] Services" directed at defendant Carla West ("West"), with "contractual agents" being "NC Administrative Office of the Courts" "Guilford County Clerk Court," "Guilford County Court," "Johnston County Clerk of Court" and "Johnston County Court." (DE 1-1 at 1; DE 1-2 at 1). Plaintiff seeks "the termination of IV-D security interest No. 13CVD002900," and "23CVD004935," in fact referencing state domestic child support case numbers,[2] and seeking "zero dollar amount of arrears." (DE 1-1 at 1, 3; DE 1-2 at 1, 3).

---

[1] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

[2] The court takes judicial notice of the publicly available child support case dockets of the same number in Guilford County District Court, No. 13CVD002900-400, Guilford County on behalf of Latoya Johnson v. Alcurtis

2

Similarly, plaintiff alleges that defendant used state court actions against him in multiple respects, in that she: 1) "violated the separation of powers by entering into IV-D contracts with clerks' of court, judges, and sheriffs," and used "legal muscle that [is] initiated by Region 4 contractors [in] colorable court hearings" (Compl. ¶ 7); 2) "purchased services from the clerks of courts and judges" (Compl. ¶ 29; see Compl. ¶¶ 35, 47, 48, 50, 56, 58, 60); 3) violated "the principle of fairness in legal proceedings based on my inherent right to know what action was being taken against me" (Compl. ¶ 45); 4) entered into "contract[s] [with] court [to] deprive[] [p]laintiff . . . [of] right to trial by jury on the basis that IV-D complaints are neither civil nor criminal and the SSN was secretly used to convert me." (Compl. ¶ 47); and 5) "ensured that in the case of each noncustodial parent against whom a support order has been issued in this State, being enforced under the business plan, so much of its income must be withheld necessary to comply with the order." (Compl. ¶ 53). In sum, the court need not credit plaintiff's conclusory characterization of his claims in determining they must be dismissed, because in substance they "seek[] redress in the federal district court for the injury caused by the state-court" child support judgments. Davani v. Virginia Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

Plaintiff also objects to application of Eleventh Amendment immunity by reiterating his argument that "[t]he IV-D Agency is not a State Agency." (Pl's Obs. (DE 18) at 2). This argument, however, is beside the point, where defendant is sued in her "official capacity," (Compl. (DE 1) at 3), and "the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself." Lewis v. Clarke, 581 U.S. 155, 162 (2017). Here, where

---

Robinson, Jr., and Johnson County District Court, No. 23CVD004935, Johnson County on behalf of Michele Desroches v Alcurtis Robinson, Jr., from which defendant has included copies of court orders attached to defendant's motion to dismiss. (See DE 13-1 to 13-7).

3

defendant is an employee of the North Carolina Department of Health and Human Services,[3] Eleventh Amendment immunity applies. See id. Accordingly, the court lacks jurisdiction over plaintiff's claims due to Eleventh Amendment immunity.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 12) is GRANTED. The instant action is DISMISSED without prejudice for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 27th day of May, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] See https://www.ncdhhs.gov/divisions/social-services/about-dss/our-organization [Perma Link: https://perma.cc/A5G4-KJEY].